UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GS HOLISTIC, LLC, <br><br>                    Plaintiff, <br><br>        v. <br><br> THANA LLC, et al., <br><br>                    Defendants. | CASE NO. C23-0376JLR <br><br> ORDER |

Before the court is Plaintiff GS Holistic, LLC's ("GS Holistic") motion for entry of default judgment against Defendants Thana LLC d/b/a Smoke Depot 2 ("Thana LLC") and Thana Marwan.  (Mot. (Dkt. # 16) at 1; *see also id.* at 13 (requesting a permanent injunction only against Thana LLC and Thana Marwan).)  GS Holistic, however, named, served, and obtained entry of default with respect to two additional Defendants:  Ali Abu-Alia and Abdulla Abu-Alia.  (*See* Compl. (Dkt. # 1); Affs. of Service (Dkt. ## 7-10); 10/19/23 Default (Dkt. # 14) (entering default against Ali Abu-Alia and Abdulla

ORDER - 1

Abu-Alia).)  Aside from naming Ali Abu-Alia and Abdulla Abu-Alia in the caption of its motion for entry of default judgment (*see* Mot. at 1), GS Holistic does not refer to these two Defendants anywhere in its motion (*see generally id.*)  GS Holistic alleges joint and several liability against all four Defendants.  (*See* Compl. at 12-13.)

A district court may order final judgment against less than all of the parties in the action only if it "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  Entry of default judgment against less than all of the parties, however, is disfavored because it allows for the possibility of multiple final judgments and multiple appeals.  *See Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004) ("[I]n the interest of judicial economy Rule 54(b) should be used sparingly.").  Here, GS Holistic moves for final default judgment as to only two of the four named Defendants; does not address whether there is "no just reason to delay" entry of final judgment as to only those two Defendants pursuant to Rule 54(b); and is silent regarding the disposition of this case with respect to the remaining two Defendants.  (*See generally* Mot.)  Therefore, the court DENIES GS Holistic's motion for entry of default judgment without prejudice to GS Holistic renewing its motion either (1) after dismissing its claims against Ali Abu-Alia and Abdulla Abu-Alia or (2) by amending the motion to include a discussion of how the court should dispose of GS Holistic's claims against Ali Abu-Alia and Abdulla Abu-Alia.

Counsel for GS Holistic is further ORDERED to review the motions for default judgment GS Holistic has filed in other cases in this District to ensure that those motions either account for the disposition of all of GS Holistic's claims against all of the

defendants in those cases or explain why there is "no just reason to delay" entry of final judgment as to just a subset of defendants.

Dated this 3rd day of November, 2023.

JAMES L. ROBART
United States District Judge